1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CANDACE SMITH,                          Case No.  1:21-cv-01614-DAD-BAM

12                      Plaintiff,           SCREENING ORDER GRANTING
                                             PLAINTIFF LEAVE TO AMEND
13            v.
                                             (Doc. 1)
14   LINDA SCOTTE, et al.,

15                      Defendants.

16

17          Plaintiff Candace Smith ("Plaintiff"), proceeding pro se and in forma pauperis, initiated

18   this civil action against Linda Scott and Agape Schools Inc. on November 4, 2021.  (Doc. 1.)

19   Plaintiff's complaint is currently before the Court for screening.

20          **I.      Screening Requirement and Standard**

21          The Court screens complaints brought by persons proceeding in pro se and in forma

22   pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to

23   dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be

24   granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28

25   U.S.C. § 1915(e)(2)(B)(ii).

26          A complaint must contain "a short and plain statement of the claim showing that the

27   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

28   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### III.  Plaintiff's Allegations

Although not entirely clear, Plaintiff appears to assert violations of various federal and state statutes.  Plaintiff identifies those statutory provisions as follows:

> Penal Code 186.11; Penal Code 653f pc; &p theft 4.2 [¶] California Law PC 484.503 Federal Computer Hacking 18 U.S.C. § 1030; Code 646.9 PC; Business tort [¶] Domestic Violence Code 243(e)(1); Civil Code Section 1708.8; extortion 318 pc:

(Doc. 1 at 4.)

Further, Plaintiff alleges as follows:

> The claim comes forth as dangerous and twisted love affair that Linda Scott had with plaintiff ex.  The motivation to kidnapp me in 2003 & kidnapp me in 2016 during this time Linda Scott used this illegal activity to steal things out my classroom and make fraudulent insurance claims.  Linda Scott gain more access to personel information through hiring me for tort purpose she stole my identity & paid the DA to set me up have me arrested stole my intelligence & sold them for millions.  Linda Scott has been involved in dangerous activities hitmen and such: thefts & murderous activity [unintelligible] underage boy friend.

(Doc. 1 at 5) (unedited text).  Additionally, Plaintiff alleges stealing of employee wages, running fake sites, and engaging in cyberstalking, hacking, defamation and theft.  (*Id.*)

As relief, Plaintiff asserts that "Linda Scott behavior is outlandish & deserving of the max prison time paid D.As to set people up.  Using hitmen to kill.  She need to go to prison for the rest of her life.  She destroy the community."  (*Id.* at 6) (unedited text.)  Plaintiff also seeks monetary

2

1   damages in the amount of $12,000,000.  (*Id.*)

2       **IV.**   **Discussion**

3       Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

4   state a cognizable claim.  As Plaintiff is proceeding pro se, she will be granted leave to amend

5   her complaint to cure the identified deficiencies to the extent she can do so in good faith.  To

6   assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to her

7   allegations.

8       **A.**     **Federal Rule of Civil Procedure 8**

9       Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and

10   plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

11   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

12   of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678

13   (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

14   claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

15   at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are

16   not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

17       Although Plaintiff's complaint is short, it is not a plain statement of her claims.  Instead,

18   Plaintiff's allegations are confusing, and her claims are difficult to discern.  Plaintiff's sentence

19   fragments and conclusory statements are insufficient to state any claims for relief that are

20   plausible on their face.  As a basic matter, the complaint does not clearly allege facts identifying

21   what happened, when it happened or who was involved.  Further, Plaintiff's complaint lacks any

22   clear connection between the allegations and the cited statutory provisions.  Plaintiff's complaint

23   also does not include any allegations identifying or otherwise relating to Defendant Agape

24   Schools Inc.  If Plaintiff files an amended complaint, it should be a short and plain statement of

25   her claims and must include factual allegations identifying what happened, when it happened and

26   who was involved.  Fed. R. Civ. P. 8.

27   ///

28   ///

**B.    18 U.S.C. § 1030**

Plaintiff cites the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030.  "The CFAA prohibits a number of different computer crimes, the majority of which involve accessing computers without authorization or in excess of authorization, and then taking specified forbidden actions, ranging from obtaining information to damaging a computer or computer data." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1131 (9th Cir. 2009).  The CFAA creates a private cause of action in section 1030(g).  Section 1030(g) states:

> Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i). Damages for a violation involving only conduct described in subsection (c)(4)(A)(i)(I) are limited to economic damages. No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage. No action may be brought under this subsection for the negligent design or manufacture of computer hardware, computer software, or firmware.

18 U.S.C. 1030(g).  Thus, a private plaintiff must prove that the defendant violated one of the provisions of § 1030(a)(1)-(7), and that the violation involved one of the factors listed in § 1030(c)(4)(A)(i)(I)-(V).  *Biesenbach v. Does 1-3*, No. 21-cv-08091-DMR, 2022 WL 204358, at *6 (N.D. Cal. Jan 24, 2022) (citing *LVRC Holdings*, 581 F.3d at 1132).

Here, Plaintiff's complaint does not state a claim for violation of the CFAA.  Indeed, Plaintiff's complaint fails to identify which provision of the CFAA allegedly was violated and fails to allege any resulting damage or loss.

**C.    California Civil Code § 1708.8**

Plaintiff cites California Civil Code § 1708.8 regarding invasion of privacy.

Section 1708.8 covers, generally, those situations in which a defendant:

> knowingly enters onto the land of another person without permission or otherwise committed a trespass in order to physically invade the privacy of the plaintiff with the intent to capture any type of visual image, sound recording, or other physical impression of the plaintiff engaging in a personal or familial activity and the physical invasion occurs in a manner that is offensive to a reasonable person.

Cal. Civil Code § 1708.8(a). *See also id*. § 1708.8(b) (constructive invasion with intent to capture, in a manner offensive to a reasonable person, any type of visual image, sound recording,

or other physical impression of the plaintiff), § 1708.8(c) (assault or false imprisonment with intent to capture any type of visual image, sound recording, or other physical impression of the plaintiff); *Richardson v. Benicia Police Dep't*, No. 2:12-CV-1931 GEB AC, 2014 WL 1513301, at *4 (E.D. Cal. Apr. 11, 2014), *report and recommendation adopted*, No. 2:12-CV-1931 GEB AC, 2014 WL 2109940 (E.D. Cal. May 20, 2014).

Here, Plaintiff fails to identify the applicable subdivision of § 1708.8 relevant to her claims. She also fails to include any factual allegations specific to a purported violation of § 1708.8. For example, Plaintiff does not adequately allege either defendant trespassed on plaintiff's property in a manner offensive to a reasonable person with the intent to capture any type of visual image, sound recording, or other physical impression of plaintiff. Plaintiff also does not allege an assault or false imprisonment with the intent to capture any type of visual image, sound recording, or other physical impression of plaintiff

### D. California Penal Code Violations

Plaintiff cites a variety of California Penal Code sections. However, generally, the California Penal Code does not permit a private right of action. *See Thomas v. Restaurant*, Case No. 1:15-cv-01113-DAD-SKO, 2015 WL 9583029, at *2 (E.D. Cal. Sept. 31, 2015). Plaintiff has not demonstrated that any of the cited Penal Code sections authorize a private cause of action.

### E. Criminal Prosecution

Plaintiff appears to seek criminal prosecution of Defendant Scott. As a private citizen, Plaintiff has no authority to criminally prosecute anyone. *Turner v. Salorio*, No. 1:19-cv-01620-DAD-BAM (PC), 2020 WL 1974207, at *3 (E.D. Cal. Apr. 24, 2020).

### V. Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend her complaint to cure these deficiencies to the extent she is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*,

556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3.     If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 3, 2022**                              /s/ *Barbara A. McAuliffe*
                                                                          UNITED STATES MAGISTRATE JUDGE