# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>LINDA SCOTT, et al.,<br><br>    Defendants. | Case No.  1:21-cv-01614-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(Doc. 5)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Candace Smith ("Plaintiff"), proceeding pro se and *in forma pauperis*, initiated this civil action against Linda Scott and Agape Schools Inc. on November 4, 2021.  (Doc. 1.)

On March 3, 2022, the Court screened Plaintiff's complaint and granted her leave to amend within thirty (30) days of service of the Court's order.  (Doc. 5.)  Plaintiff was expressly warned that if she failed to file an amended complaint in compliance with the Court's order, then the Court would recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.  (*Id.*)  The deadline for Plaintiff to file her amended complaint has passed and Plaintiff has not complied with the Court's order.  The Court therefore will recommend dismissal of this action for failure to state a claim, failure to obey a court order and failure to prosecute.

1

**I.      Failure to State a Claim**

        **A.  Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

        **B.  Plaintiff's Allegations**

Although not entirely clear, Plaintiff appears to assert violations of various federal and state statutes. Plaintiff identifies those statutory provisions as follows:

> Penal Code 186.11; Penal Code 653f pc; &p theft 4.2 [¶] California Law PC 484.503 Federal Computer Hacking 18 U.S.C. § 1030; Code 646.9 PC; Business tort [¶] Domestic Violence Code 243(e)(1); Civil Code Section 1708.8; extortion 318 pc:

(Doc. 1 at 4.)

///

2

Plaintiff alleges as follows:

> The claim comes forth as dangerous and twisted love affair that Linda Scott had with plaintiff ex. The motivation to kidnapp me in 2003 & kidnapp me in 2016 during this time Linda Scott used this illegal activity to steal things out my classroom and make fraudulent insurance claims. Linda Scott gain more access to personel information through hiring me for tort purpose she stole my identity & paid the DA to set me up have me arrested stole my intelligence & sold them for millions. Linda Scott has been involved in dangerous activities hitmen and such: thefts & murderous activity [unintelligible] underage boy friend.

(Doc. 1 at 5) (unedited text). Additionally, Plaintiff alleges the stealing of employee wages, running fake sites, and engaging in cyberstalking, hacking, defamation and theft. (*Id.*)

As relief, Plaintiff asserts that "Linda Scott behavior is outlandish & deserving of the max prison time paid D.As to set people up. Using hitmen to kill. She need to go to prison for the rest of her life. She destroy the community." (*Id.* at 6) (unedited text.) Plaintiff also seeks monetary damages in the amount of $12,000,000. (*Id.*)

**C. Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.

1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of her claims. Instead, Plaintiff's allegations are confusing, and her claims are difficult to discern. Plaintiff's sentence fragments and conclusory statements are insufficient to state any claims for relief that are plausible on their face. As a basic matter, the complaint does not clearly allege facts identifying

3

what happened, when it happened or who was involved.  Further, Plaintiff's complaint lacks any clear connection between the allegations and the cited statutory provisions.  Plaintiff's complaint also does not include any allegations identifying or otherwise relating to Defendant Agape Schools Inc.

### 2. 18 U.S.C. § 1030

Plaintiff cites the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030.  "The CFAA prohibits a number of different computer crimes, the majority of which involve accessing computers without authorization or in excess of authorization, and then taking specified forbidden actions, ranging from obtaining information to damaging a computer or computer data." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1131 (9th Cir. 2009).  The CFAA creates a private cause of action in section 1030(g).  Section 1030(g) states:

> Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i). Damages for a violation involving only conduct described in subsection (c)(4)(A)(i)(I) are limited to economic damages. No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage. No action may be brought under this subsection for the negligent design or manufacture of computer hardware, computer software, or firmware.

18 U.S.C. 1030(g).  Thus, a private plaintiff must prove that the defendant violated one of the provisions of § 1030(a)(1)-(7), and that the violation involved one of the factors listed in § 1030(c)(4)(A)(i)(I)-(V).  *Biesenbach v. Does 1-3*, No. 21-cv-08091-DMR, 2022 WL 204358, at *6 (N.D. Cal. Jan 24, 2022) (citing *LVRC Holdings*, 581 F.3d at 1132).

Here, Plaintiff's complaint does not state a claim for violation of the CFAA.  Indeed, Plaintiff's complaint fails to identify which provision of the CFAA allegedly was violated and fails to allege any resulting damage or loss.

### 3. California Civil Code § 1708.8

Plaintiff cites California Civil Code § 1708.8 regarding invasion of privacy. Section 1708.8 covers, generally, those situations in which a defendant:

> knowingly enters onto the land of another person without permission or otherwise

>committed a trespass in order to physically invade the privacy of the plaintiff with the intent to capture any type of visual image, sound recording, or other physical impression of the plaintiff engaging in a personal or familial activity and the physical invasion occurs in a manner that is offensive to a reasonable person.

Cal. Civil Code § 1708.8(a). *See also id*. § 1708.8(b) (constructive invasion with intent to capture, in a manner offensive to a reasonable person, any type of visual image, sound recording, or other physical impression of the plaintiff), § 1708.8(c) (assault or false imprisonment with intent to capture any type of visual image, sound recording, or other physical impression of the plaintiff); *Richardson v. Benicia Police Dep't*, No. 2:12-CV-1931 GEB AC, 2014 WL 1513301, at *4 (E.D. Cal. Apr. 11, 2014), *report and recommendation adopted*, No. 2:12-CV-1931 GEB AC, 2014 WL 2109940 (E.D. Cal. May 20, 2014).

Here, Plaintiff fails to identify the applicable subdivision of § 1708.8 relevant to her claims. She also fails to include any factual allegations specific to a purported violation of § 1708.8. For example, Plaintiff does not adequately allege that either defendant trespassed on her property in a manner offensive to a reasonable person with the intent to capture any type of visual image, sound recording, or other physical impression of Plaintiff. Plaintiff also does not allege an assault or false imprisonment with the intent to capture any type of visual image, sound recording, or other physical impression of Plaintiff.

### 4.  California Penal Code Violations

Plaintiff cites a variety of California Penal Code sections. However, generally, the California Penal Code does not permit a private right of action. *See Thomas v. Restaurant*, Case No. 1:15-cv-01113-DAD-SKO, 2015 WL 9583029, at *2 (E.D. Cal. Sept. 31, 2015). Plaintiff has not demonstrated that any of the cited Penal Code sections authorize a private cause of action.

### 5.  Criminal Prosecution

Plaintiff appears to seek criminal prosecution of Defendant Scott. As a private citizen, Plaintiff has no authority to criminally prosecute anyone. *Turner v. Salorio*, No. 1:19-cv-01620-DAD-BAM (PC), 2020 WL 1974207, at *3 (E.D. Cal. Apr. 24, 2020).

For these reasons, the Court finds that Plaintiff's complaint fails to state a cognizable claim.

**II.     Failure to Obey Court Order and Failure to Prosecute**

**A.  Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Discussion**

Here, Plaintiff's amended complaint is overdue. The action cannot proceed without Plaintiff's cooperation and compliance with the Court's order. Moreover, the Court cannot hold this case in abeyance awaiting compliance by Plaintiff. The Court additionally cannot effectively manage its docket if Plaintiff ceases litigating her case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*,

6

291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's March 3, 2022 screening order expressly warned Plaintiff that her failure to comply would result in a recommendation for dismissal of this action.  (Doc. 5.)  Thus, Plaintiff had adequate warning that dismissal could result from her noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff's in forma pauperis status in this action indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating her case.

### III.     Conclusion and Recommendation

For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to state a claim, failure to obey the Court's order and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

///

///

///

objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 25, 2022**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE